671 So.2d 995 (1996)
DENTA-MAX
v.
MAXICARE LOUISIANA, INC. and Maxicare Life and Health Insurance Company.
No. 95-CA-2128.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1996.
*996 John R. Martzell and Regina O. Matthews, Martzell and Bickford, New Orleans, for plaintiff/appellee.
Harry Rosenberg, S. Ault Hootsell, III, Kent A. Lambert, Phelps Dunbar, L.L.P., and Donna D. Fraiche, Phyllis R. Guin, and Charles C. Bourque, Jr., Locke Purnell Rain & Harrell, P.C., New Orleans, for defendants/appellants.
Before SCHOTT, C.J., and PLOTKIN and WALTZER, JJ.
PLOTKIN, Judge.
The primary issue in this appeal is the proper procedure by which a trial court may impose a mandatory preliminary injunction, which requires a party to take some affirmative action.

Facts and procedural history
The trial court imposed a mandatory preliminary injunction in favor of plaintiff Denta-Max and against defendants Maxicare Louisiana, Inc. and Maxicare Life and Health Insurance Co. (hereinafter collectively "Maxicare"), requiring Maxicare to make payments under the terms of a contract between the parties pending the outcome of litigation concerning the validity of the contract. Prior to imposing the mandatory preliminary injunction, the trial court held a hearing in which he allowed the attorneys representing the parties to present arguments, but did not admit evidence. According to the judgment, the trial judge considered "the pleadings, the argument of counsel, and the law" in reaching his decision. Maxicare appeals the judgment imposing the preliminary injunction.

Prohibitory vs. mandatory injunctions
We note first that Denta-Max claims that the preliminary injunction imposed against Maxicare was not a mandatory injunction, but a prohibitive injunction which simply prohibits Maxicare from breaching the contract in question. The trial court's reasons for judgment indicate that his purpose in issuing the preliminary injunction requiring Maxicare to continue making payments under the contract, which Maxicare had honored for more than a year, was to "preserve the status quo until there can be a trial on the merits."
However, our review of the pertinent law convinces us that the preliminary injunction imposed on Maxicare is a mandatory injunction, not a prohibitory injunction. Mandatory injunctions are those which "order the doing of something." Bollinger Machine Shop & Shipyard, Inc. v. U.S. Marine, Inc., 595 So.2d 756, 758 (La.App. 4th Cir.), writ denied, 600 So.2d 643 (La.1992); Maestri v. Destrehan Veterinary Hosp., 554 So.2d 805, 808 (La.App. 5th Cir.1989); Werner Enterprises, Inc. v. Westend Development Co., 477 So.2d 829, 832 (La.App. 5th Cir.1985). Unquestionably, the judgment issued in the instant case requires that Maxicare "do something"i.e., make payments under a contract which Maxicare claims is void or voidable under LSA-R.S. 12:84(A) because of a conflict of interest involving the Maxicare officer who negotiated the contract. The trial court's statement that the preliminary injunction merely preserves the status quo by prohibiting Maxicare from refusing to pay pending the outcome of the litigation does not change the fact that Maxicare has been ordered to take affirmative actions. In fact, the status quo is preserved by allowing Maxicare to retain its money until a court of law has determined whether the contract is valid. Thus, we hold that the injunction in question is a mandatory injunction.

Procedural requirements
The distinction between mandatory and prohibitory injunctions is vitally important to the procedural issue which forms the primary issue in this case. Generally, a party *997 may prevail on a hearing for a preliminary injunction by showing three things: "(1) that the injury, loss or damage he will suffer if the injunction is not issued may be irreparable; (2) that he is entitled to the relief sought; and (3) that he is likely to prevail on the merits of the case." Burnham Broadcasting Co. v. Williams, 629 So.2d 1335, 1338 (La.App. 4th Cir.1993); writ denied, 94-0150 (La. 2/25/94), 632 So.2d 770, cert. denied, ___U.S.___, 115 S.Ct. 69, 130 L.Ed.2d 25 (1994). However, the level of proof required for proving those three elements is different depending on whether the preliminary injunction sought is a prohibitory injunction or a mandatory injunction.
Under the provisions of La.C.C.P. art. 3602, a preliminary injunction may not be issued unless "notice is given to the adverse party and an opportunity had for a hearing." Generally, under the relevant jurisprudence, a preliminary injunction which simply preserves the status quo until a full trial on the merits may be issued on a prima facie showing by the party seeking the injunction. Bollinger Machine Shop & Shipyard, Inc., 595 So.2d at 758; Werner Enterprises, 477 So.2d at 832. However, the jurisprudence has established that a mandatory preliminary injunction, such as the mandatory preliminary injunction in this case, has the same basic effect as a permanent injunction, and therefore may not be issued on merely a prima facie showing that the party seeking the injunction can prove the necessary elements. See Bollinger Machine Shop & Shipyard, Inc., 595 So.2d at 758; Werner Enterprises, 477 So.2d at 832. Instead, the party seeking a mandatory preliminary injunction must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction. Bollinger Machine Shop Berner Enterprises, 477 So.2d at 832. The Louisiana Fifth Circuit Court of Appeal has gone so far as to hold that a mandatory injunction may not be issued on a hearing for a preliminary injunction. Maestri, 554 So.2d at 808. See also Werner Enterprises, 477 So.2d 829; Kliebert Educational Trust v. Watson Marines Services, Inc., 454 So.2d 855 (La.App. 5th Cir.), writ denied, 457 So.2d 682 (La.1984). Thus, we find that the mandatory preliminary injunction issued in the instant case would be proper only if it had been issued "after a full evidentiary hearing where the standard of proof is by a preponderance of the evidence." Bollinger Machine Shop & Shipyard, Inc., 595 So.2d at 759. See also Maestri, 554 So.2d at 808.
In Bollinger Machine Shop & Shipyard, Inc., the court found that the procedural requirements for granting a preliminary injunction had been met, stating as follows:
The hearing lasted for two full days, during which witnesses, both lay and expert, were called and testified and other evidence introduced. The Commissioner permitted a full hearing of all the issues in controversy and it is clear from the record that U.S. Marine was given full opportunity to present evidence on the merits of the case. There have been no allegations nor showing, nor are we able to find, any disadvantage to defendant by the trial on the preliminary injunction.
595 So.2d at 759. Further, in Bore v. Jefferson Guaranty Bank, 543 So.2d 560 (La.App. 4th Cir.1989), the court found that the requirements for a valid hearing on a mandatory preliminary injunction were met because the court "conducted a evidentiary hearing at which all parties were present, represented by counsel and were afforded the opportunity to present evidence and cross examine witnesses." 543 So.2d at 562.
The Werner Enterprises case further demonstrates the type of procedural safeguards which trial courts must observe prior to imposing a mandatory preliminary injunction, stating as follows:
[W]e cannot say ... that the record shows that this hearing was not a limited one but rather a situation where both parties presented testimony, and the trial court permitted a full hearing on all issues in controversy and, therefore, the injunction had not been issued merely upon a prima facie showing. Although the record is not clear, it is not convincing to us that a full hearing was had on the merits presented. 477 So.2d at 832-33.
Thus, we hold that a mandatory preliminary injunction may not be issued by a trial *998 court unless the party seeking the injunction proves by a preponderance of the evidence at a full trial on the merits in which the taking of evidence is not limited that he is entitled to the injunction. These procedural requirements become especially important in cases involving hotly-contested factual issues such as the validity of the contract at issue here.
In the instant case, the hearing held by the trial court fell far short of the procedural requirements because the parties were prohibited from presenting any evidence, and the mandatory preliminary injunction was issued on the basis of the pleadings and argument of counsel. Certainly, the trial court failed to hold a full trial on the merits. Thus, the trial court judgment is reversed.[1]

Damages and attorney fees
Maxicare claims that it is entitled to damages and attorney fees for the wrongful issuance of the mandatory preliminary injunction under the provisions of La.C.C.P. and attorney fees are improper under the circumstances of this case because the trial court, rather than Denta-Max, committed the error which resulted in the wrongful issuance of the mandatory preliminary injunction. We find no merit in that argument; Denta-Max requested the improperly granted mandatory preliminary injunction and thus is responsible, under La.C.C.P. art. 3608, for damages and attorney fees incurred by Maxicare to defend against the statute. However, an award of damages under La. C.C.P. art. 3608 is discretionary. Therefore, the case is remanded to the trial court for determination of whether damages and attorney fees are to be awarded, and If so, for determination of the proper amount.

Conclusion
The trial court judgment imposing the mandatory preliminary injunction against Maxicare is reversed. Denta-Max is ordered to return all monies paid by Maxicare in compliance with the improperly-issued mandatory preliminary injunction within 30 days of the date this decision becomes final. The case is remanded to the trial court for determination of damages and attorney fees and for further proceedings consistent with this decision.
REVERSED AND REMANDED.
NOTES
[1] Because the trial court judgment is being reversed on the basis of this procedural error, we pretermit any discussion of the other issues raised by the parties.