JjFOIL, J.
This appeal challenges the action of a trial judge in granting injunctive relief to a health care provider to prohibit a mother from publicly discussing alleged mistreatment her minor daughter received in a substance abuse program. We reverse.
BACKGROUND
On February 7, 2003, E.R., through her attorney, sent a letter to the Tau Center, where her minor daughter received treatment for substance abuse, outlining instances of alleged negligence and misconduct on the part of the Tau Center and its employee regarding her daughter’s treatment. The letter threatened that a lawsuit would be filed in the event a settlement could not be reached, and informed the Tau Center that a copy of the lawsuit would be provided to the press. On April 3, 2003, Our Lady of the Lake Hospital (OLOL), which operates the Tau Center, filed this petition seeking to restrain E.R. from making any disclosures of information related to her minor daughter’s treatment at the Tau Center. In the petition, OLOL sought a temporary restraining order (TRO) and injunctive relief, insisting that disclosure to the news media or other individual entity by E.R. of any information related to her daughter’s treatment, including the identification of her daughter as a former patient of the Tau Center, would violate state and federal confidentiality laws.
The trial judge issued a temporary TRO prohibiting E.R. and her daughter, or agent, from making any disclosures to the media or any other person of information related to R.B.’s treatment at the Tau Center, except as expressly provided by state and federal law. E.R., individually and on behalf of her minor daughter, filed a motion to dissolve the temporary restraining order and sought an award of costs associated with the wrongful issuance of the TRO.
*169 One hearing was held on both the request for injunctive relief and the claim that the TRO was wrongfully issued. .At the hearing, the parties 13stipulated that the Tau Center and OLOL received federal funding through programs such as Medicaid, Medicare and CHAMPUS. ; They further stipulated that R.B. participated in an outpatient program through the Tau Center for substance abuse, specifically, drug and alcohol treatment, and that her mother, to some extent, was involved in and did participate in the program. The parties also revealed that a petition had been filed by E.R. with the Patient’s Compensation Fund, and OLOL alternatively sought a gag order and a sealing of the record relating to that action.
After hearing arguments advanced by counsel, the trial court agreed with OLOL’s argument that R.B. was entitled to be treated under the law as an adult patient with the right to consent to the disclosure of her medical records. The judge found that the TRO had been properly issued because there w;as no evidence of any written consent to the disclosure. He went on to state, however, that even if there was consent to the disclosure, federal law protected not only the patient but also the treatment facility, and thus authorized a court to define the types of disclosures allowed and to fashion appropriate relief to allow disclosure under certain circumstances.
Thereafter, the trial court granted the preliminary injunction prohibiting E.R., her daughter or their agent from making any disclosures to any media or other person of any information related to R.B.’s treatment at the Tau Center, including her identification as a former patient there. The judgment further enjoined any party or person from publishing, distributing, discussing any facts of the case, documents or pleadings, or making any reference to the complaint filed with the PCF except as expressly allowed under federal law. E.R., her daughter and their agent were ordered to assert any claims they may have against the Tau Center and OLOL under seal. The order allowed discovery only under seal and only under the circumstances set forth in the order.
This appeal, taken by E.R., followed.
| DISCUSSION
In this appeal, appellant assigns seven errors. In these assignments, she claims that the trial court erred in (1) treating R.B. as an adult; (2) finding the Tau Center is a federally assisted program to which the Federal Patient Confidentiality law applies; (3) improperly interpreting federal law tó find that a health care provider may restrict a patient from disclosing information regarding treatment or mistreatment she may have received; (4) fashioning overly broad injunctive relief that fails to consider the patient’s constitutional right to free speech; and (5) failing to consider the public interest, which mandates that appellant and her daughter be allowed to discuss mistreatment at the Tau Center. She further asserts in assignments of error numbers 6 and 7 that OLOL and Tau Center have no right of action to obtain a TRO or preliminary injunction, and urges that the trial court improperly denied the motion to dissolve the TRO and award costs and attorney fees. Because we agree with the arguments advanced by appellant in assignments of error numbers 3, 6 and 7, we pretermit discussion of all other issues raised in this appeal.
In granting the injunction, the trial court found'that federal law authorized a treatment facility to obtain injunctive relief to prohibit a mother from publicly disclosing information regarding the treatment her minor daughter received at the facility *170 without the written consent of her daughter and a court order limiting the disclosure. In so doing, the trial court relied on the federal Patient Confidentiality Law, 42 U.S.C.A. § 290dd-2(a), which provides as follows:
Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection(e) of this section, be confidential and be disclosed only for the purposes and under the | ¡¡circumstances expressly authorized under subsection (b) of this section.
The federal law provides four ways confidential patient information may be disclosed: (1) medical emergencies; (2) research; (3) pursuant to a court order authorized after a showing of good cause therefore; and (4) written consent. It also provides that any person who violates any provision of the law or any regulation issued pursuant to the law shall be fined in accordance with Title 18. 42 U.S.C.A. § 290dd-2(f).
The trial court found that the federal limitation on disclosing information gave a health care provider a cause of action to restrain a mother of a patient and the patient herself from speaking publicly regarding the treatment the patient received while she was a minor at the facility, even if both the mother and daughter consented to the release of the medical records. We find this to be an erroneous interpretation of the Patient Confidentiality Law.
The purpose of 42 U.S.C.A. § 290dd-2 is to encourage patients to seek treatment for substance abuse without fear that by so doing, their privacy will be compromised. Ellison v. Cocke County, Tennessee, 63 F.3d 467, 470-471 (6th Cir.1995). In Ellison, the federal court stressed however, there is no indication that the confidentiality provision was intended to be enforced by aggrieved private parties; the purpose of the provision was not to create private rights as much as it was to create public penalties in order to deter disclosure. Thus, federal courts have refused to find a federal private right of action for a violation of Section 290dd-2’s confidentiality provisions, finding that Congress intended that the statute be enforced through the imposition of criminal penalties. Id.
The Patient Confidentiality Law clearly provides a health care provider with a defense to public disclosure of confidential patient information, and makes it a crime for the program to disseminate confidential patient information in violation of its provisions and regulations. However, in this Incase, we are asked to construe the law to grant the health care provider a private cause of action to restrain a mother from making public statements regarding alleged mistreatment her daughter received at the facility. We see nothing in the federal law that would authorize a substance abuse treatment facility to effectuate a prior restraint on speech by a person aggrieved by the treatment rendered by the facility. Any violation of the federal law would be subject to a fine, not a prior restraint injunction.
Accordingly, we find that the trial court lacked authority to issue the preliminary injunction. Under La. Code Civ. P. art. 3608, appellant is entitled to seek an award for damages and attorney fees incurred to defend against the issuance of the injunction. We remand to the trial *171 court to determine whether damages and attorney fees are to be awarded, and if so, for the determination of the proper amount. See Denta-Max v. Maxicare Louisiana, Inc., 952-2128, p. 6 (La.App. 4 Cir. 3/14/96), 671 So.2d 995, 998.
CONCLUSION
For the foregoing reasons, the judgment appealed from is reversed in its entirety. The matter is remanded to the trial court to conduct further proceedings consistent with this opinion. All costs of this appeal are assessed to appellee.
REVERSED AND REMANDED WITH ORDER.
GAIDRY, J., concurs.