WICKER, J.
concurring in part and dissenting in part.
Ill agree with the majority that the plaintiffs use of preliminary injunction was improper but for different reasons. I respectfully dissent, however, from that portion of the majority opinion affirming the denial of the preliminary injunction because that affirmance effectively forecloses the plaintiffs right to a full evidentiary trial on the mandatory injunction.
The plaintiff is requesting that the court order the defendants to perform some affirmative action — the trimming or cutting of the defendants’ trees. Therefore, the plaintiff is seeking a mandatory injunction rather than a prohibitory injunction. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170, p. 11 (La.3/2/99), 739 So.2d 748, 756 (“A mandatory injunction commands a party to take specific action.”).
Before the trial court heard the trial on the merits of the mandatory injunction, the plaintiff filed a motion requesting a preliminary injunction. Through the preliminary injunction he sought to obtain an order that the defendants keep their trees and branches trimmed so that they remain cut back to the property line; completely remove two trees adjacent to the property line; and, reimburse the plaintiff the reasonable expense of removing debris and repairing damage.
Therefore, the request for a preliminary injunction was in effect a request for permanent relief. Accordingly, the plaintiff was not entitled to ^obtain an interlocutory preliminary mandatory injunction. Instead, the plaintiff was required to proceed through ordinary process at an evidentiary trial on the mandatory injunction.
The defendants objected to the motion for a preliminary injunction, raising the exception of unauthorized use of summary proceedings. At the hearing, the plaintiff stated that he would present approximately 45 minutes of testimony on the motion for a preliminary injunction. The defendants asserted that they were not aware that there would be testimony and therefore they were not prepared to go forward. The defendants further referred the trial judge to the exception and argued that the *311 matter was not appropriate for a preliminary injunction since the plaintiff was asking for permanent relief. The trial judge then heard argument on the merits. The defendants argued that there was no showing of irreparable injury.
The trial judge took the matter under advisement and rendered a judgment that day on the merits, denying the preliminary injunction. The trial judge reasoned that there was no irreparable injury, loss or damage to the plaintiffs and therefore there were no grounds for a preliminary injunction. The trial judge did not rule on the exception of unauthorized use of summary proceedings.
The level of proof required for issuing an interlocutory preliminary injunction sought as a prohibitory injunction differs from the level of proof required for issuing an interlocutory preliminary injunction sought as a mandatory injunction. Denta-Max v. Maxicare Louisiana, Inc., 95-2128 (La.App. 4 Cir. 3/14/96), 671 So.2d 995, 997 (Citations omitted). Generally, a preliminary injunction which simply preserves the status quo until a full trial on the merits may be issued on a prima facie showing by the party seeking the injunction. Id. However, a mandatory preliminary | .injunction has the same basic effect as a permanent injunction, and therefore may not be issued on merely a prima facie showing that the party seeking the injunction can prove the necessary elements. Id. Instead, the party seeking a mandatory preliminary injunction must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction. Id.
In Werner Enterprises, Inc. v. Westend Development Co., 477 So.2d 829, 832 (La.App. 5 Cir.1985), this Court held that when the judgment commands the doing of something, it cannot be issued without first conducting a hearing on the merits. Thus, a preliminary mandatory injunction is generally improper.
When the trial judge ruled on the merits of the motion for a preliminary injunction, the trial judge effectively denied the plaintiffs request for a permanent injunction. The trial judge should have dismissed the motion as improper and set a trial on the permanent, mandatory injunction.
If the trial court’s ruling stands, then the plaintiff is not entitled to any relief, having effectively obtained the denial of his request for a permanent mandatory injunction. This is particularly egregious because the trial judge denied the plaintiff his opportunity for a full trial.
Accordingly, I would vacate the judgment on the merits of the preliminary injunction and remand the matter for a full evidentiary trial on the mandatory injunction.