MAX N. TOBIAS, JR., Judge.
 

 1 J.F.
 
 [1]
 
 , the plaintiff/appellant, appeals from a judgment dismissing his petition for preliminary and permanent injunction
 
 *464
 
 against the defendant/appellee, the Administrators of the Tulane Educational Fund (“Tulane”). For the reasons that follow, we reverse the judgment of the trial court and remand the matter to the court below for further proceedings consistent with this opinion.
 

 I.F., a Tulane student, was accused of raping K.K., also a Tulane student, in the early morning hours of 18 September 2009. In addition to filing a complaint with Tulane, K.K. also contacted the New Orleans Police Department (“NOPD”), after which 1.F. was arrested and charged with simple rape and false imprisonment. I.F. was acquitted on all charges by the criminal court without his putting on a defense.
 

 After his acquittal, I.F. participated in a three-day disciplinary proceeding before the Tulane Joint Hearing Board for his alleged violation of the Code of Student Conduct (“the Code”). I.F. was charged with “Sexual Misconduct,” which |2is defined as “non-consensual sexual behavior which may occur as a result of force, threat, intimidation, or through the use of the victim’s mental or physical helplessness of which the accused was aware or should have been aware.”
 

 After the August 2010 hearing, the Joint Hearing Board found that “clear and convincing” evidence existed that K.K., the victim, was intoxicated and that I.F. knew or should have known of this fact. On 7 September 2010, the Joint Hearing Board issued its decision finding that I.F. was responsible for sexual misconduct as charged.
 

 On 27 September 2010, following the procedures outlined in the Code, I.F. filed an appeal of the Joint Hearing Board’s decision to Tulane’s Appellate Board. I.F. claimed that (a) new and significant evidence had appeared that he could not have discovered before or during the hearing; (b) procedural errors deprived him of a fair hearing; and (c) the decision by the Joint Hearing Board was arbitrary and capricious. The appeal was rejected on 7 October 2010.
 

 On 25 October 2010, I.F. filed a petition for preliminary injunction and permanent injunction seeking to enjoin Tulane from imposing, enforcing, or recording the discipline related to the Joint Hearing Board’s decision and to reverse the decision.
 
 [2]
 
 The trial court held a hearing on the petition on 17 November 2010, at which time it ruled that the scheduled hearing on affidavits was | (¡inappropriate because I.F. sought a mandatory injunction for affirmative relief; thus an evidentiary hearing was required. The hearing was rescheduled for 5 January 2011. In the meantime, Tulane filed a motion to dismiss the petition based on the record, which included the transcript from the Joint Hearing Board hearing and various documents that were introduced therein. I.F. opposed the motion.
 

 On 5 January 2010, prior to the scheduled evidentiary hearing, the trial court heard oral argument on Tulane’s motion to dismiss. The trial court granted the motion and dismissed I.F.’s petition with prejudice. The trial court requested that Tulane prepare the judgment and reasons for judgment. It did so; the reasons for judgment were over twenty pages in length. I.F. filed a competing judgment and ob
 
 *465
 
 jected to Tulane’s proposed reasons for judgment. In particular, I.F. objected to the continued reference to “evidence” because no “evidence” was introduced into the record. In addition, I.F. objected to many of the factual assertions that differed with the material previously submitted. In any event, the trial court signed the reasons for judgment prepared by Tulane without any revision. This timely appeal followed.
 

 I.F. assigns three errors. First, he claims that the trial court erred in granting Tulane’s motion to dismiss absent the mandatory evidentiary hearing. Next, he argues that the trial court applied the incorrect legal standard to the petition seeking injunctive relief. Finally, he asserts that the trial court erred in finding that Tulane’s actions were not arbitrary or capricious.
 

 |4Although I.F. filed a pleading entitled “petition for preliminary injunction and permanent injunction,” Louisiana is a fact pleading state that values substance over form and does not require the use of magic titles or terminology as a threshold requirement for validly pleading an action. As has been noted, “Pleading is the ‘handmaid rather than the mistress’ of justice.”
 
 Teachers' Retirement System of Louisiana v. Louisiana State Employees’ Retirement System,
 
 456 So.2d 594, 596 (La.1984),
 
 quoting Erath Sugar Company, Ltd. v. Broussard,
 
 240 La. 949, 953, 125 So.2d 776, 777 (1961);
 
 see also
 
 La. C.C.P. art. 854. Therefore, we look beyond the caption of the pleading to determine the actual relief sought by the plaintiff.
 

 A review of the petition reveals that I.F. prayed that Tulane be enjoined from imposing the ordered discipline, including but not limited to reversing the Joint Hearing Board’s decision and ordering that all reference to the charge and/or the discipline be removed from his academic record. In other words, I.F. is not seeking that the status quo be maintained, which is what is normally sought in a “prohibitory injunction.”
 

 A preliminary injunction will issue only in its prohibitory form. However, when a defendant obstructs the plaintiff in the enjoyment of a real right, the latter may be entitled to a prohibitory injunction restraining the disturbance and also to a mandatory injunction for the removal of the obstruction or to undo what has been illegally done.
 
 Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa,
 
 04-0270, pp. 6-7 (La.App. 1 Cir. 3/24/05), 906 So.2d 660, 664. A | ^mandatory injunction is one that commands the doing of some action; it cannot be issued without a hearing on the merits with live evidence and stipulations of fact by the parties. Further, since the jurisprudence has established that a mandatory injunction has the same basic effect as a permanent injunction, it may not issue on merely a prima facie showing that the party seeking the injunction can prove the necessary elements. Instead, the party seeking a mandatory injunction must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction.
 
 Id.
 
 at p. 7, 906 So.2d at 664. Likewise, a permanent injunction may be issued only after a trial on the merits at which the burden of proof is a preponderance of the evidence.
 
 Id.
 
 It therefore stands to reason, that the trial court may not deny a mandatory injunction merely because the plaintiff is unable to make the prima facie showing required for a preliminary injunction.
 

 As the Louisiana Supreme Court stated in
 
 City of New Orleans v. Board of Directors of the Louisiana State Museum,
 
 98-1170, p. 11 (La.3/2/99), 739 So.2d 748, 756,
 
 citing, Denta-Max v. Maxicare La.,
 
 
 *466
 

 Inc.,
 
 95-2128 (La.App. 4 Cir. 3/14/96), 671 So.2d 995:
 

 A mandatory injunction may not be issued on a merely prima facie showing that the party seeking the injunction can prove the necessary elements; instead, the party must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction.
 

 In the instant case, the trial court granted Tulane’s motion to dismiss before holding the required evidentiary hearing. The court erred; it obviously applied the | (¡standard for a prohibitory preliminary injunction without regard to the mandatory relief sought by I.F.
 

 In addition, Louisiana procedural law does not provide for a “motion to dismiss,” such as the one granted by the trial court.
 
 [3]
 
 Pursuant to the Code of Civil Procedure, there are two types of dismissals: voluntary and involuntary.
 
 See
 
 La. C.C.P. arts. 1671-72. The motion for a voluntary dismissal of an action provided by La. C.C.P. art. 1671 must be made by a plaintiff and the action may be dismissed without prejudice or with prejudice in certain circumstances. On the other hand, an involuntary dismissal is rendered when a plaintiff or all parties fail to appear for trial or, pursuant to La. C.C.P. art. 1672 B:
 

 In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence. [Emphasis supplied.]
 

 The clear wording of article 1672 B indicates that the plaintiff must have completed the presentation of his evidence prior to the granting of an involuntary dismissal; the jurisprudence supports this interpretation. In
 
 Gagliano v. Amax Metals Recovery, Inc.,
 
 96-1751, 96-1752 (La.App. 4 Cir. 5/7/97), 693 So.2d 889, the defendant was allowed to put on two witnesses out of order during the presentation of the plaintiffs case in chief and was granted an involuntary dismissal at the conclusion of the plaintiffs case.
 
 Citing Blanchard v. Our Lady of the Lake Medical Center,
 
 529 So.2d 1309 (La.App. 1st Cir.),
 
 writ denied,
 
 532 So.2d 772 (La.1988), we held that a motion for involuntary dismissal may be made either at the close of the plaintiffs case or at the close of all evidence but not at points in between.
 
 [4]
 

 Gagliano,
 
 96-1751, p. 2, 693 So.2d at 890.
 

 While a trial court has much discretion in determining whether to grant a motion for involuntary dismissal, the trial court is required to weigh and evaluate all evidence in order to make such a determination.
 
 Locke v. Sheriff, Parish of Jefferson,
 
 94-652, p. 3 (La.App. 5 Cir. 12/28/94), 694 So.2d 257, 258.
 

 
 *467
 
 Besides voluntary and involuntary motions to dismiss, three additional procedural vehicles exist by which an adverse party may dispose of a suit filed against him. One is through a peremptory exception of no cause of action, which is decided upon the four corners of the plaintiffs petition. A review of I.F.’s petition demonstrates that he has stated a cause of action against Tulane.
 

 Second is a motion for judgment on the pleadings, La. C.C.P. art. 965. And third is a motion for summary judgment, La. C.C.P. art. 966. The similarity between a summary judgment and a judgment on the pleadings was recognized by this court in
 
 Canal Motors, Inc. v. Campbell,
 
 241 So.2d 5, 5-6 (La.App. 4th Cir.1970):
 

 A motion for judgment on the pleadings differs from a motion for summary judgment in that on the latter there may be submitted supporting affidavits and counter affidavits and depositions. LSA-C.C.P. art. 966. A motion for judgment on the pleadings is submitted on the pleadings which may include attached exhibits made a part of the pleadings. In either case the judgment may be |Rgranted as a matter of legal right if there does not appear to be a genuine issue of material fact. Our jurisprudential guidelines favor giving a party his day in court, hence summary judgments and judgments on the pleadings are granted only when the legal right is clearly established. (Citations omitted).
 

 According to Tate,
 
 The Work of the Louisiana Appellate Courts for the 1966-1967 Term: Civil Procedure,
 
 28 La. L.Rev. 386, 411 (1968) “[similar to the summary judgment remedy, the motion for judgment on the pleadings provides a method to dispose of litigation without a full-scale trial; [sic] in this instance when there is no dispute as to the material allegations of fact.”
 

 The petition in question raises many genuine issues of material fact such that both a judgment on the pleadings and a summary judgment would be inappropriate vehicles by which to dismiss the pleading.
 
 [5]
 
 Therefore, we find that the trial court erred in granting the motion to dismiss before holding an evidentiary hearing as required by law.
 

 Because of the procedural error committed by the trial court, we do not reach the merits issues of whether I.F. was afforded due process and/or whether Tulane was arbitrary and capricious.
 

 Based on the foregoing, we reverse the judgment granting the motion to dismiss filed by Tulane and remand the matter to the trial court for an evidentiary hearing on I.F.’s request for a mandatory injunction.
 

 REVERSED; REMANDED.
 

 [1]
 

 . Because of the sensitive nature of the facts of this case, we have chosen to use some of the parties’ initials in lieu of their names, although their names appear in the record.
 

 [2]
 

 . I.F. was suspended from Tulane University during his senior year. He was placed on disciplinary probation from 7 September 2010, through the date of his graduation. He is prohibited from joining or acting as a member of a fraternity, holding an office with a student organization, and/or studying abroad. I.F. is also required to participate in counseling and provide monthly progress reports to the Office of Student Resources and Support Services. In addition, I.F. is forbidden from having any contact with K.K.
 

 [3]
 

 . While the Federal Rules of Civil Procedure provide for a motion to dismiss,
 
 see
 
 Fed. R. Civ. Pro. 12(b)(6), Louisiana procedural rules do not per se recognize such a motion.
 

 [4]
 

 . This means that during the plaintiff's case in chief where the plaintiff seeks a mandatory injunction, if in order to accommodate the taking of testimony of a defendant's witness (who, for example, might otherwise become unavailable), the court permits the defendant to call his witness out of order, the court must await the completion and taking of all evidence of the defendant and plaintiff before ruling.
 
 See
 
 La. C.C.P. art. 1632
 

 [5]
 

 . Our view of Tulane's motion to dismiss, when reviewed in detail, is that it sounds and reads like a motion for summary judgment.