TERRI F. LOVE, Judge.
_[jThis appeal arises from whether the hearings conducted from tickets issued as a result of the traffic cameras installed in Orleans Parish violate due process rights. Lee Rand, Jeremy Boyce, Keisha Guich-ard, and Edmond Harris filed for a preliminary injunction and permanent injunction in the trial court. The trial court found that due process concerns existed and issued a preliminary injunction. The City of New Orleans appealed alleging that the trial court abused its discretion in granting the preliminary injunction because the hearing officers are not employees of the City of New Orleans and do not act as both the prosecutor and judge during the hearing. We find that the hearing officers act as the prosecutor and judge at traffic camera citation hearings and that the hearing officers are compensated by the City of New Orleans, which creates a violation of due process warranting a preliminary injunction. Therefore, we find that the trial court did not abuse its discretion and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The City of New Orleans (“City”), through its Administration and/or City Council enacted a group of ordinances, codified and promulgated as § 154-1701 through § 154-1704, or Article XVII, which created the Automated Traffic ^Enforcement System (“ATES”). Pursuant to ATES, citizens would receive notice of a traffic citation, which contained a photo of the license plate of the automobile, a photo of the automobile, the civil penalty, and the name of the registered owner of the vehicle. The citation would also provide the date, time, and location of the alleged infraction. If the citizen chooses to contest the ATES citation, the citizen must appear before the administrative adjudication bureau[1] for a hearing. During the hearing, the hearing officer presents the evidence collected by ATES, allegedly listens to and accepts evidence from the accused citizen, and then determines the guilt or innocence of the accused citizen.
Lee Rand, Jeremy Boyce, Keisha Guich-ard, and Edmond Harris (collectively “Plaintiffs”) filed a petition for a prelimi *479 nary and permanent injunction against the City alleging that the process following an ATES citation “violated its ordinances by enacting a law that deprives citizens of their due process rights to a contradictory hearing before an impartial trier of fact.” The Plaintiffs’ supplemental and .amended petition added Donna Klimm, Rudell Reynolds, and Yahia Ben Slimane as additional plaintiffs. All of the Plaintiffs received traffic citations issued pursuant to ATES and chose to attend a hearing to contest the citation.
Following a hearing, the trial court granted the Plaintiffs a preliminary |sinjunction “enjoining, prohibiting, and restraining” the City “from conducting any administrative hearings authorized by the enabling ordinance section 154-1701 et seq.” The trial court then stayed its ruling pending a final resolution with this Court. The City filed a notice and intent to apply for writ, which the trial court granted. However, this Court remanded the matter to the trial court to consider the notice of intent as a motion for appeal. See La. C.C.P. art. 3612. The City’s devol-utive appeal followed.
The City contends that the trial court abused its discretion in granting the Plaintiffs’ request for a preliminary injunction by “finding that there are due process considerations in cases adjudicated by hearing officers who are not City employees but perform impartial adjudicative services for the City pursuant to contracts with the City, when the City has a financial stake in the outcomes of the hearings.”

STANDARD OF REVIEW

“The standard of review for a preliminary injunction is whether the trial court abused its discretion in ruling.” Kern v. Kern, 11-0915, p. 6 (La.App. 4 Cir. 2/29/12), 85 So.3d 778, 781. See also A.M.E. Disaster Recovery Services, Inc. v. City of New Orleans, 10-1755, p. 4 (La.App. 4 Cir. 8/24/11), 72 So.3d 454, 456; Choice Prof'l Overnight Copy Serv., Inc. v. Galeas, 11-0034, p. 5 (La.App. 4 Cir. 5/25/11), 66 So.3d 1216, 1219; A to Z Paper Co., Inc. v. Carlo Ditta, Inc., 98-1417, p. 9 (La.App. 4 Cir. 9/9/98), 720 So.2d 703, 708; Oestreicher v. Hackett, 94-2573, p. 3 (La.App. 4 Cir. 5/16/95), 660 So.2d 29, 31; Hall v. Fertility Inst. of New Orleans, 94-1135, p. 5 (La.App. 4 Cir. 12/15/94), 647 So.2d 1348, 1351. “That broad standard is, of course, based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary to the proper exercise of its discretion.” Yokum v. Pat O’Brien’s Bar, Inc., 12-0217, p. 7 (La.App. 4 Cir. 8/15/12), 99 So.3d 74, 80.

PRELIMINARY INJUNCTION

“A preliminary injunction is an interlocutory device designed to preserve the existing status pending a trial of the issues on the merits of the case.” Oestreicher, 94-2573, p. 5, 660 So.2d at 32. “[A] preliminary injunction may be issued on merely a prima facie showing by the plaintiff that he is entitled to relief.” Mary Moe, L.L.C. v. Louisiana Bd. of Ethics, 03-2220, p. 9 (La.4/14/04), 875 So.2d 22, 29. “The standard of proof to obtain a preliminary injunction on a prima facie showing is, however, ‘less than that required for a permanent injunction.’ ” Yokum, 12-0217, p. 7, 99 So.3d at 80, quoting Historic Restoration, Inc. v. RSUI Indem. Co., 06-1178, p. 11 (La.App. 4 Cir. 3/21/07), 955 So.2d 200, 208.
“[T]he requirements to prevail on a hearing for a preliminary injunction are a showing that: 1) the injury, loss or damage mover will suffer if the injunction does not issue may be irreparable; 2) that he is entitled to the relief sought; and 3) *480 that he is likely to prevail on the merits of the case.” Kern, 11-0915, p. 6, 85 So.3d at 781. “Irreparable injury means the moving party cannot be adequately compensated in money damages for his injury or suffers injuries which cannot be measured by pecuniary standards.” Oestreicher, 94-2573, p. 4, 660 So.2d at 31.
The Louisiana Constitution provides that “[n]o person shall be deprived of life, liberty, or property, except by due process of law.” La. CoNst. art. I, § 2. Our constitution also affords every citizen court access by stating that “[a]ll courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, forj^injury to him in his person, property, reputation, or other rights.” La. Const, art. I, § 22. Additionally, Article II, § 2-202(6) of the Home Rule Charter of the City provides that:
No law shall deprive any person of any rights, privileges, or immunities secured by the Constitution and laws of the United States or the State of Louisiana, nor shall any law discriminate against any person because of race, color, religion, or national origin. No law shall arbitrarily and capriciously or unreasonably discriminate against a person because of birth, disability, sex, sexual orientation, gender identification, culture, language social origin, or political affiliations.
A function of the Department of Public Works is to:
Collect and compile traffic data as directed by the Mayor or by ordinance; prepare engineering studies with regard to vehicular and pedestrian traffic as directed by the Mayor or by ordinance; prescribe regulations governing traffic and parking on streets and other public places; and determine the type, need, and location of all traffic control devices and markings and install, design, construct,. operate, and maintain them.
Art. IV, Ch. 8, § 4-901(4) of the Home Rule Charter. As to inconsistent provisions of ordinances and laws, the City’s Home Rule Charter provides that:
The provisions of all ordinances and other laws which are inconsistent with this Charter shall be superseded by the provisions of this charter at its effective date, except that ordinances that are inconsistent with those provisions of this Charter that require action by the Council to make them effective shall remain in full force until such action is had.
Art. X, § 10-104.
The City contends that the hearing officers’ actions are not controlled by the City because they are independent contractors paid by the City. Further, the City asserts that the hearing officers do not act in a prosecutorial role on behalf of the 1 ^City. Therefore, the City avers that the trial court abused its discretion in granting the Plaintiffs a preliminary injunction.
Section 154-1702(d)(e)(f) of the New Orleans Code of Ordinances provides that:
(d) The civil penalty shall not be assessed if, after a hearing, the hearing officer enters a finding of no liability.
(e) In an administrative adjudication hearing, the issues must be proved at the hearing by a preponderance of the evidence. The reliability of the automated traffic enforcement system used to produce the recorded image of the violation may be attested to in an administrative adjudication hearing by affidavit of a sworn law enforcement officer or the department of public works. An affidavit of a sworn law enforcement officer or from the department of public works that alleges a violation based on an inspection of the pertinent recorded *481 image is admissible in a proceeding under this article and is evidence of the facts contained in the affidavit.
(f) A vehicle owner may prove by a preponderance of the evidence at the hearing that any of the following circumstances apply and thereby qualifies as an affirmative defense to the imposition of civil liability.
(1) The operator of the motor vehicle was acting in compliance with the lawful order or direction of a law enforcement or public safety officer;
(2) The operator of the motor vehicle violated the instructions of the speed limit sign in an effort to move out of the way of an immediately approaching authorized emergency vehicle;
(3) The motor vehicle was being operated as an authorized emergency vehicle under R.S. 32:24, and the operator was acting in compliance with R.S. 32:24;
(4) The motor vehicle was being operated by a person other than the owner of the vehicle without the consent of the owner, express or implied.
(5) The license plate depicted in the recorded image of the violation was a stolen plate and being displayed on a motor vehicle other than the motor vehicle for which the plate had been issued, if at the time of the violation the motor vehicle 17displayed a stolen plate, which must include proof acceptable to the hearing officer to prove that the theft of the vehicle or license plate had been timely reported to the appropriate law enforcement agency.
(6) The person who received the notice of violation was not the owner of the motor vehicle at the time of the violation; or
The hearing officer presents the City’s evidence of the citizen’s alleged traffic infraction by playing a DVD and reading from the citation. Then, section 154-1702(d) clearly demonstrates that the hearing officer is also the- adjudicator of the hearings because he assesses liability. Further, sections 154-1702(e)(f) place the onus onto the citizen to prove his innocence by a preponderance of the evidence.
The Louisiana Supreme Court stated that “there must be some type of neutral and detached decision maker, be it judge, hearing officer or agency.” Wilson v. City of New Orleans, 479 So.2d 891, 901 (La.1985). The Louisiana Supreme Court held that the lack of a “neutral decision maker” “falls short of due process requirements.” Wilson, 479 So.2d at 899. “ ‘[A]n impartial decision maker is essential’ to due process.” Wilson, 479 So.2d at 901, quoting Goldberg v. Kelly, 397 U.S. 254, 271, 90 S.Ct. 1011, 1022, 25 L.Ed.2d 287 (1970). Further, “[d]ue [p]rocess requires that a decision maker not have a direct or indirect financial stake which would, give a possible temptation to the average person as a decision maker to make him partisan towards maintaining a high level of revenue generated by his adjudicative function.” Wilson, 479 So.2d at 901. “Even if an individual cannot show special prejudice in his particular case, the situation in which an official occupies two inconsistent positions, one partisan and the other judicial, necessarily involves a lack of due process.” Wilson, 479 So.2d at 901-02.
As discussed at the hearing on the preliminary injunction, the City executes |sa contract between itself and each hearing officer. The City then considers each hearing ■ officer as an independent contractor and is paid by the City. The trial court stated: “I think the problem is, is [sic] that the person [sic] is adjudicating the tickets is also compensated by the City.” The trial court further stated:
*482 I think there is an inherent due process problem with the way the administrative hearing system is set up. I have to agree with Mr. Valteau that for the independent contractors, the hearing officers, to be paid by the City who benefits from the fines that are collected is a problem. It’s a constitutional problem.
We agree. The record demonstrates that the hearing officers occupy two inconsistent positions, one as the prosecutor and one as the adjudicator, which violates the right to due process. The denial of due process is irreparable and cannot be compensated monetarily. We find that the trial court did not abuse its discretion because the Plaintiffs presented prima facie evidence that they are entitled to the preliminary injunction and may prevail on the merits. Therefore, we affirm.

DECREE

For the reasons discussed herein, we find that the trial court did not abuse its vast discretion in granting the Plaintiffs’ request for a preliminary injunction due to a denial of due process and affirm.
AFFIRMED
BELSOME, J., concurs with reasons.

. Sec. 154-684. — -Parking adjudication bureau — Creation, provides:
There is hereby created and established within the chief administrative office of the city, under the supervision of the chief administrative officer, a parking adjudication bureau which shall have jurisdiction of violations of any civil regulations of parking which is provided for in this article. Pursuant to section 4-302(5) of the home rule charter of the city, the chief administrative office may prescribe that the parking adjudication bureau be administered by another department of the city. The chief administrative officer, with the approval of the council, shall contract for the services of a chief hearing examiner and other such hearing examiners who shall preside at hearings for the adjudication of parking violations in this article. The chief administrative officer shall give consideration to persons with Spanish surnames, females, blacks and other minorities in the appointment of the chief hearing examiner and other hearing examiners required by the provisions of this chapter. Each hearing examiner shall be a resident of the parish and shall have been admitted to the practice of law in this state for a period of at least four years immediately preceding his selection. A hearing examiner may be selected from a list of qualified candidates who have satisfied the standards to be established by a duly constituted committee of parish attorneys. Such hearing examiners shall not be considered to be employees of the city.