JUDE G. GRAVOIS, Judge.
1 j>Plaintiff/appellant, Dr. John Saer, appeals the trial court’s denial of his request for a preliminary injunction. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Defendant/appellee, New Orleans Regional Physician Hospital Organization, Inc. d/b/a Peoples Health Network[1] (“Peo- ■ pies Health”), provides health plans to those who qualify for Medicare benefits. On January 1, 2010, Dr. John Saer, a physician specializing in retinal disease *619 and surgery, a subspecialty of ophthalmology, entered into a Specialty Care Physician Agreement (“the Agreement”) with Peoples Health to become an Ophthalmology-Retina provider to Peoples Health’s members. The Agreement included the following provision regarding termination of the Agreement without cause, to-wit: “This Agreement may be terminated by either Physician or [Peoples Health] at any time, without cause, by the giving to the other party of sixty (60) days prior written notice.”
|aBy letter dated June 30, 2014, Peoples Health notified Dr. Saer that it had decided to terminate the Agreement, effective on August 31, 2014. Dr. Saer appealed Peoples Health’s decision. His appeal was presented to a three-person panel of individuals who were not involved in the initial decision to. terminate the Agreement. On July 31, 2014, Peoples Health notified Dr. Saer by letter that based on the panel’s review, Peoples Health would uphold its decision to terminate the Agreement, that the decision was final, and that there would be no further appeal rights concerning termination of the Agreement. Peoples Health also began notifying Dr. Saer’s patients that he no longer would be a health care provider for Peoples Health after August 31, 2014.
On August 15, 2014, Dr. Saer filed a Petition for Declaratory Judgment and In-junctive Relief. In his petition, Dr. Saer alleged that Peoples Health did not comply with the notice and hearing provisions regarding termination of physicians by a Medicare Advantage organization as set forth in 42 C.F.R. § 422.202(d). Further, Dr. Saer alleged that as a result of these actions, his reputation was irreparably harmed and his patients were adversely impacted.
On August 18, 2014, the trial court issued a Temporary Restraining Order restraining Peoples Health from terminating the Agreement and/or excluding Dr. Saer from its plans or network. In said Order, the trial court also set a hearing for August 25, 2014 on Dr. Saer’s request for a preliminary injunction.
On August 25, 2014, the hearing on Dr. Saer’s request for the preliminary injunction was heard strictly upon affidavits (as requested by Dr. Saer) and other documents presented as evidence and argument of counsel. After the hearing, the trial court denied the request for the preliminary injunction, finding that Dr. Saer did not meet his burden of proving that he would suffer irreparable harm if the preliminary injunction was not issued, and that Dr. Saer was seeking “mandatory | ¿injunctive relief and that it is not appropriate to award such relief at this stage of the proceedings based on the affidavits introduced by the parties.” [2] This devolu-tive appeal followed.[3]
*620 On appeal, Dr. Saer asserts two assignments of error. In his first assignment, Dr. Saer argues that the trial court was manifestly erroneous in denying the preliminary injunction because Peoples Health violated his right to a hearing under 42 C.F.R. § 422.202(d) by not providing him with the reasons for its decision to terminate him, the standards and profiling data used to evaluate him, or the numbers and mix of physicians needed by Peoples Health. In his second assignment, Dr. Saer argues that the trial court erred in finding that he was requesting a mandatory injunction. Rather, he argues that he was simply requesting a prohibitory injunction preventing Peoples Health from terminating the Agreement.

LAW AND ANALYSIS

We address Dr. Saer’s second assignment of error first, as it is fully dispos-itive of the matter.
In his second assignment, Dr. Saer argues that the trial court erred in finding that he was requesting mandatory injunc-tive relief, rather than prohibitory injunc-tive relief. He argues that the only relief he requested was a prohibitory injunction, since the injunction he requested would not have resulted in the court ordering Peoples Health to take any action. He argues that he only sought to Uprevent Peoples Health from terminating the Agreement pending a trial on the merits of the case.
Appellate courts review the denial of a preliminary injunction under the manifest error standard. Mary Moe, L.L.C. v. Louisiana Bd. of Ethics, 03-2220 (La.4/14/04), 875 So.2d 22, 29. Absent a clear abuse of discretion, the trial court’s judgment shall not be disturbed. Novelaire Techs., L.L.C. v. Harrison, 08-157 (La.App. 5 Cir. 8/19/08), 994 So.2d 57, 61.
An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. La. C.C.P. art. 3601(A). During the pendency of an action for an injunction, the court may issue a temporary restraining order, a preliminary injunction, or both. La. C.C.P. art. 3601(C). A generally recognized purpose of a preliminary injunction is to preserve the status quo during the pendency of further judicial proceedings. Maynard Batture Venture v. Parish of Jefferson, 96-649 (La.App. 5 Cir. 12/30/96), 694 So.2d 391, 392.
Louisiana jurisprudence has recognized a distinction between an injunction sought to preserve the status quo, i.e., a prohibitory injunction, and an injunction sought to command specific action. A mandatory injunction is one which orders “the doing of something.” Maestri v. Destrehan Veterinary Hosp. Inc., 554 So.2d 805, 808 (La.App. 5 Cir.1989). See also Denta-Max v. Maxicare La., 95-2128 (La.App. 4 Cir.1996), 671 So.2d 995, 996; City of New Orleans v. Bd. of Dirs. of the La. State Museum, 98-1170 (La.3/02/99), 739 So.2d 748, 756.
The distinction between a prohibitory injunction and a mandatory injunction matters in terms of both procedure and evidence. Generally, a preliminary injunction, which simply preserves the status quo until a full trial on the merits, may be issued on a prima facie showing by the party seeking the injunction. Denta-Max, 671 So.2d at 997. However, jurisprudence has established that a mandatory preliminary injunction has the same basic effect as a permanent injunction, and therefore may not be issued on merely a prima facie showing that the party seeking the injunction can prove the necessary elements. Id. Instead, a *621 party seeking a mandatory preliminary injunction must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction. Id. See also City of New Orleans, 739 So.2d at 756. This Court has previously reversed the granting of a mandatory preliminary injunction because the matter was conducted solely on affidavits and not at a hearing on its merits. Maestri, 554 So.2d at 808-809. See also Kern v. Kern, 11-0915 (La.App. 4 Cir. 2/29/12), 85 So.3d 778, 782 (“In the case before us, no evidentiary hearing was held; rather the parties attached affidavits to their motions/memoranda and presented argument at the hearing. Accordingly, we hold that the preliminary injunction issued herein was mandatory and that the trial court erred in ruling without the benefit of a full evidentiary hearing.”).
Upon review, we find that, as the trial court properly found, the relief sought by Dr. Saer was that of a mandatory injunction, rather than a prohibitory injunction. Clearly, Dr. Saer’s application for injunc-tive relief does not seek to preserve the status quo. At the time Dr. Saer instituted his suit for injunctive relief, Peoples Health had already made the decision to terminate the Agreement, notified Dr. Saer of its decision, heard his appeal, and denied the appeal, thus finalizing termination of the Agreement. Additionally, Peoples Health had already proceeded to notify Dr. Saer’s patients that after August 31, 2014, he would no longer be a health care provider for Peoples Health. Had the trial court granted the preliminary injunction requested by Dr. Saer, Peoples Health would undoubtedly have had to “do something” — it would have had to immediately reinstate the |7Agreement and notify Dr. Saer’s patients that after August 31, 2014, he would continue to be a health care provider for Peoples Health. Unquestionably, the status quo is preserved in this case only if the Agreement remained terminated. Though Dr. Saer maintains that the preliminary injunction in this case would simply have prevented Peoples Health from taking any further action regarding termination of the Agreement, the granting of the preliminary injunction in this case would indeed have required Peoples Health to act to reinstate the Agreement. Accordingly, we find no abuse of discretion in the trial court’s ruling that Dr. Saer was requesting a mandatory injunction, rather than a prohibitory injunction.
In Limousine Livery, Ltd. v. A Airport Limousine Serv., L.L.C., 07-1379 (La.App. 4 Cir. 3/12/08), 980 So.2d 780, 786, the Fourth Circuit found that an injunction compelling a limited liability company to reinstate one of its members and to undo the sale of the other members’ interest in the limited liability company was a mandatory injunction that could not be granted without a hearing on the merits. Further, the court found that injunctive relief was also not available because “[ujndoing past acts is not the proper subject of a preliminary injunction,” and “[a]n injunction cannot be used to correct a ‘consummated wrong’ or enjoin a ‘fait accompli.’ ” Id. Similarly, in this case, the termination of the Agreement was a “fait accompli” when Dr. Saer was notified of the denial of his appeal and when his patients were notified that he would no longer be a health care provider for Peoples Health.
As noted above, no evidentiary hearing was held in this case; instead, the parties attached affidavits to their memoranda and presented their arguments at the hearing. Accordingly, we find that the trial court properly held that it was not appropriate to grant the mandatory injunctive relief requested by Dr. Saer based |sonly on *622 affidavits introduced by the parties and without the benefit of a full evidentiary hearing. Kern, supra.
Because our findings on Dr. Saer’s second assignment of error are fully disposi-tive of this matter, we pretermit any review and discussion on Dr. Saer’s first assignment of error.

CONCLUSION

For the foregoing reasons, we affirm the trial court’s denial of Dr. Saer’s request for a preliminary injunction.

AFFIRMED

. The record reflects that this is defendant/ap-pellee’s correct name, although the title of the case does not include "Inc.” therein,

. On August 26, 2014, Dr. Saer filed an emergency supervisory writ application with this Court, seeking review of the trial court’s denial of his request for a preliminary injunction. On August 27, 2014, this Court denied the writ application, stating: “Pursuant to La. C.C.P. art. 3612, we decline to exercise our supervisory jurisdiction because the review of a judgment relating to a preliminary injunction is an appealable issue. We also deny the request to convert the current writ application to an appeal.” Dr. John Saer v. New Orleans Regional Physician Hospital Organization (D/B/A Peoples Health Network), 14-C-644 (La.App.5.Cir.8/27/14) (unpublished writ disposition).

. On August 21, 2014, Peoples Health filed a motion to stay the proceedings pending arbitration. A hearing on the motion was set for September 17, 2014. On September 12, 2014, the parties filed a joint motion to stay the proceedings pending appeal, including the hearing on the motion to stay the proceedings pending arbitration. On September 17, 2014, the trial court granted the motion to stay the proceedings pending appeal.