JUDGE SANDRA CABRINA JENKINS
Defendants I Am Music, LLC ("IAM") and Amos Singleton (collectively, "Appellants") appeal the trial court's May 31, 2018 Judgment granting a preliminary injunction in favor of appellee Diedra Meredith, and ordering the Appellants to deliver to Ms. Meredith computer files containing 16 songs that were recorded at her live concert on September 16, 2017. The Judgment also ordered that Ms. Meredith furnish security for the issuance of the preliminary injunction in the amount of $ 1,000.00. Appellants timely appealed. We find that the trial court erred in granting Ms. Meredith a mandatory injunction without a full evidentiary hearing where the standard of proof is by a preponderance of the evidence. Accordingly, we reverse and remand for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
On March 28, 2018, Ms. Meredith filed a verified Petition for Breach of Contract, Damages, and Preliminary and Permanent Injunction (the "Injunction Suit") against Appellants. Ms. Meredith asserted that she was a recording artist who performed under the name "Deepa Soul." Ms. Meredith alleged that on or about June 2016, she entered into a contract with Appellants whereby Ms. Meredith agreed to perform professional services for Appellants -- including but not limited to performing web-based services, branding/marketing, creating an online business plan, and producing a photo shoot -- in exchange for Appellants' agreement to assist in the production of Ms. Meredith's live album to be *1145 recorded at a concert at the Carver Theater in New Orleans.
Ms. Meredith contends that, although she performed her agreed-upon services for Mr. Singleton, he failed to timely appear at the September 14, 2017 rehearsal for the live concert. She claims that because of Mr. Singleton's late appearance, the entire rehearsal could not be completed in time to record certain tracks to be used in the live recording. According to Ms. Meredith, she then retained the services of a sound engineer, Orlando Henry, to manage the recordings of her live concert on September 16, 2017. Ms. Meredith contends that Mr. Singleton also failed to timely appear at the live concert, causing a delay. Ms. Meredith states that after her live concert, she delivered the original recordings of the concert to Mr. Singleton so that he could assist in completing the production of her live album. She claims that on September 26, 2017, Mr. Singleton repudiated the contract and demanded payment for his services in producing the album. Ms. Meredith states that she had to retain two background singers, Melaney Batiste and Jai Reed, who recorded over-dub sessions with Mr. Singleton. According to Ms. Meredith, she requested that Mr. Singleton return the "Pro Tools HD" sessions to her so that she could complete recording. To avoid additional delay and damages, Ms. Meredith asked Mr. Singleton to "name his price." Mr. Singleton did not respond, and continued to work on the production of the album.
In the Injunction Suit, Ms. Meredith seeks damages, as well as a "preliminary mandatory injunction ordering [Appellants] to turn over immediate possession of the Pro Tools HD sessions computer files of all 16 songs from the concert by Deepa Soul, including background vocals for Melaney Batiste and Jai Reid." Ms. Meredith also seeks a permanent injunction confirming the preliminary injunction and her ownership of the recordings.
On April 13, 2018, the trial court signed an order setting a hearing on the preliminary injunction for May 11, 2018. The order stated that the matter would be heard upon the verified pleadings and/or supporting affidavits, pursuant to La. C.C.P. 3609. The trial court ordered Ms. Meredith to file her affidavits not later than 72 hours prior to the hearing, and ordered Appellants to file their affidavits not less than 24 hours prior to the hearing. None of the parties filed affidavits.
Appellants were personally served with the Injunction Suit and the order setting a hearing on April 27, 2018. Appellants' attorney did not appear at the injunction hearing. The trial court advised Mr. Singleton, a non-attorney, that he could not represent IAM. Mr. Singleton was sworn in by the court, and testified on his own behalf. Although Ms. Meredith was present, she did not testify, relying on upon her verified petition.
On May 31, 2018, the trial court granted a preliminary injunction in favor of Ms. Meredith, ordering Appellants to turn over the computer files to her within five days. When Appellants failed to do so, Ms. Meredith filed a Motion for Contempt. Appellants timely appealed.
DISCUSSION
Standard of Review
In general, the standard of review for a preliminary injunction is whether the trial court abused its discretion. Rand v. City of New Orleans , 12-0348, p. 3 (La. App. 4 Cir. 12/13/12), 125 So.3d 476, 479. "That broad standard is, of course, based upon a conclusion that the trial court 'committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary *1146 to the proper exercise of its discretion.' " Id. , 12-0348, pp. 3-4 (quoting Yokum v. Pat O'Brien's Bar, Inc. , 12-0217, p. 7 (La. App. 4 Cir. 8/15/12), 99 So.3d 74, 80 ). "[W]here errors of law are involved, the appropriate standard of review is de novo ." Vieux Carre Comm'n Found. v. City of New Orleans , 17-0527, p. 4 (La. App. 4 Cir. 1/31/l8), --- So.3d ----, ----, 2018 WL 651668, *8, writ denied , 18-0248 (La. 2/19/18), 237 So.3d 514.
Prohibitory vs. Mandatory Injunctions
The primary issue on appeal is whether the trial court properly issued a preliminary injunction as a matter of law. " 'A preliminary injunction is an interlocutory procedural device designed to preserve the status quo as it exists between the parties, pending trial on the merits.' " Faubourg Marigny Improvement Ass'n, Inc. v. City of New Orleans , 15-1308, p. 12 (La. App. 4 Cir. 5/25/16), 195 So.3d 606, 615 (quoting Smith v. Brumfield , 13-1171, p.5 (La. App. 4 Cir. 1/15/14), 133 So.3d 70, 74 ). Generally, the requirements to prevail at a hearing for a preliminary injunction are a showing that: (1) the injury, loss or damage the mover will suffer if the injunction does not issue may be irreparable; (2) the mover is entitled to the relief sought; and (3) the mover is likely to prevail on the merits of the case. Denta-Max v. Maxicare Louisiana, Inc. , 95-2128, p. 3 (La. App. 4 Cir. 3/14/96), 671 So.2d 995, 996-97.
Louisiana law makes an important distinction between a "prohibitory injunction" and a "mandatory injunction." Kern v. Kern , 11-0915, p. 6 (La. App. 4 Cir. 2/29/12), 85 So.3d 778, 781. "A 'prohibitory injunction' is one that seeks to restrain conduct; a 'mandatory injunction,' on the other hand, commands the doing of some action." Constr. Diva, L.L.C. v. New Orleans Aviation Bd. , 16-0566, p. 8 (La. App. 4 Cir. 12/14/16), 206 So.3d 1029, 1035 n.4. The level of proof required and the procedure used to satisfy these three elements differs depending on whether the preliminary injunction sought is a prohibitory injunction or a mandatory injunction. Denta-Max , 95-218, p. 3, 671 So.2d at 997.
Procedural/Evidentiary Requirements
"[A] prohibitory injunction, which simply preserves the status quo until a full trial on the merits, may be issued on a prima facie showing by the party seeking the injunction." Id. A mandatory injunction, however, has the same basic effect as a permanent injunction, and may not be issued on merely a prima facie showing that the party seeking the injunction can prove the necessary elements. Id. "Instead, the party seeking a mandatory preliminary injunction must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction." Id. (citing Bollinger Mach. Shop & Shipyard, Inc. v. U.S. Marine, Inc. , 595 So.2d 756, 759 (La. App. 4th Cir. 1992) ).
Here, the trial court has commanded Appellants to "do something," - i.e., "turn over immediate possession of the Pro Tools HD sessions computer files of all 16 songs from the concert by Deepa Soul, including background vocals for Melaney Batiste and Jai Reid." See Denta-Max , 95-2128, p. 2, 671 So.2d at 996. The injunction at issue in this case, therefore, is a mandatory injunction.
Ms. Meredith, as the party seeking a mandatory injunction, must show by a preponderance of the evidence at an evidentiary hearing, "with live evidence and stipulations of fact by the parties," that she is entitled to a mandatory injunction. I.F. v. Admin. of Tulane Educ. Fund , 11-0308, p. 5 (La. App. 4 Cir. 8/24/11), 72 So.3d 462, 465. Ms. Meredith presented only her verified petition. Because a mandatory *1147 injunction may only be issued after a full evidentiary hearing where the standard of proof is by a preponderance of the evidence, we find that the trial court erred as a matter of law in granting Ms. Meredith a mandatory injunction based on a verified petition, which has evidentiary effect only in a hearing for a prohibitory injunction. See Faubourg Marigny , 15-1308, p. 18, 195 So.3d at 619 n.7.[1]
CONCLUSION
For the foregoing reasons, we hold that the preliminary injunction issued herein was mandatory, and that the trial court erred in ruling without the benefit of a full evidentiary hearing. The Judgment, therefore, is reversed and this matter is hereby remanded for an evidentiary hearing on Ms. Meredith's request for a mandatory injunction.
REVERSED AND REMANDED

Based on our disposition of this case, we do not address Appellants' argument that the trial court erred in setting security at $ 1,000.00.