504 So.2d 648 (1987)
Brod BAGERT and Frank D. Farrar
v.
Kerry Maybee GOLDSMITH.
Consolidated With
Brod BAGERT
v.
Kerry Maybee GOLDSMITH.
No. CA-3235, CA-3759.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
Rehearing Denied April 15, 1987.
Writs Denied June 12, 1987.
*650 Bruce G. Reed, Reed & Reed, New Orleans, for plaintiffs-appellees and appellants.
Gary A. Bowers, Bowers & Bowers, Shreveport, for defendant-appellant.
Before REDMANN, C.J., and WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
This decision addresses two consolidated appeals. Defendant Kerry Goldsmith appeals the issuance of writs of attachment and injunctive relief prohibiting her from removing money from two banks. She is also appealing a decision of the jury finding plaintiffs Brod Bagert and Frank D. Farrar were entitled to recover attorney's fees from her. Plaintiffs have also appealed, alleging that the trial court awarded an insufficient amount of expert witness fees and that they should have been allowed to recover attorney's fees pursuant to La.R.S. 9:2781.
Defendant hired plaintiffs to represent her in domestic matters: she wanted to set aside a community property settlement that she previously had entered into with her former spouse, and she needed counsel for a child custody case. A contract was entered into by plaintiffs and defendant wherein plaintiffs were to represent defendant in exchange for a contingency fee which was set forth in the contract. The contract was signed on July 30, 1983. On April 25, 1984, the parties entered into an addendum to the employment contract. This addendum required plaintiffs to itemize their time and expenses and begin billing defendant on an hourly basis. Defendant acknowledged that the value of services rendered by the attorneys until that date was $55,000.00. Defendant eventually discharged plaintiffs. On October 3, 1984, plaintiffs filed suit on open account against defendant seeking $82,000.00 in legal fees. At that time plaintiffs sought and were granted a writ of attachment seizing all funds defendant had in the Colonial Bank of New Orleans. Defendant also was enjoined from removing any funds from Orleans Parish. One week later plaintiffs requested a writ of attachment be issued to First Financial Bank where defendant had funds on deposit. Defendant filed an answer and reconventional demand and sought to dissolve the previous writ of attachment and the temporary restraining order. A hearing was held on a preliminary injunction requested by plaintiffs and on the motion to dissolve that defendant had filed. The trial court maintained the writs of attachment and issued a preliminary injunction that prohibited defendant from removing funds from the banks to the extent that her accounts in either bank would be reduced below $42,000.00.
Defendant appeals this decision alleging that the trial court improperly issued the writs of attachment and that injunctive relief should not have been granted. Plaintiffs argue that defendant's appeal is moot.

WRONGFUL ISSUANCE
In requesting the writ of attachment, plaintiffs made the following allegations in their petition:
(a) Defendant has and is in the process of disposing of her property and removing same from the State of Louisiana with the intent to defraud petitioners' rights by defeating their just claims for compensation, and to thereby give an unfair preference to other creditors; and,
(b) Defendant has taken steps for the purpose of placing her money beyond the reach of petitioners, who are her lawful creditors; and,
(c) Defendant is about to leave the State of Louisiana permanently before a judgment *651 can be obtained and executed against her.
Article 3501 of the Louisiana Code of Civil Procedure provides that a writ of attachment shall be issued only if it is clear from the facts of the petition or a separate affidavit that one is warranted. Mere conclusory allegations are insufficient to form the basis of the issuance of a writ of attachment. Yorkwood Savings & Loan Ass'n v. Thomas, 379 So.2d 798, 799 (La.App. 4th Cir.1980), citing Hancock Bank v. Alexander, 256 La. 643, 237 So.2d 669 (1970). The allegations contained in plaintiffs' petition are simply restatements of the code provisions contained in Article 3541 of the Louisiana Code of Civil Procedure. There are no specific allegations contained in the petition for the issuance of the writs of attachment, and the trial court was in error both in ordering the issuance of the writs of attachment and in refusing to grant defendant's motion to dissolve. Evidence introduced at the hearing did not form a sufficient basis for the issuance of the writs. Once a defendant has filed an opposition to the issuance of a writ of attachment, the burden of proof is on the plaintiff to establish the facts that constitute the grounds for issuance of the writ. Yorkwood Savings & Loan, supra. The evidence presented at the hearing was clearly insufficient to sustain the issuance of the writs.
We have also reviewed the granting of injunctive relief (a temporary restraining order and preliminary injunction) which prohibited defendant from full enjoyment of the use of her money. We further disagree with the trial court that, as a matter of law, plaintiffs were entitled to injunctive relief on their assertions that they would suffer irreparable injury unless a temporary restraining order were issued. Injunctive relief is appropriate when a party cannot be compensated for damages monetarily or in a situation in which the damages are non-pecuniary. La.C.Civ.Pr. art. 3601. The petition and the evidence presented at the hearing below do not substantiate plaintiffs' claim of irreparable injury. This is a case in which the damages are certainly monetary in nature and plaintiffs could be compensated in the event they were successful at a trial on the merits. Plaintiffs' vague and unsubstantiated allegations of defendant's intent to defraud them are insufficent grounds for the issuance of injunctive relief.
Defendant is entitled to damages and attorney's fees for the issuance of the writs of attachment and the granting of injunctive relief. La.C.Civ.Pr. arts. 3506 and 3608. She has requested that this court make an award. Defendant has been prohibited from using her money since October 3, 1984. Defendant's testimony at the hearing appears to indicate that one of the banks has frozen all of the funds that she had on deposit there, not just $42,000.00. Even assuming that this were true, defendant should not be allowed to recover damages from plaintiffs for more than the court ordered amount. Because defendant makes no other specific allegations of damages sustained as a result of the erroneous attachments and injunctive relief, we feel that defendant is entitled to legal interest on $84,000.00 from October 3, 1984 until present. We also have awarded defendant $5,000.00 in attorney's fees in connection with work done on the dissolution of the writs of attachment and injunctive relief, both in the court below and on appeal. This award does not include attorney's fees for work done on any other matter. We also award all costs to defendant because of lack of amicable demand and because plaintiffs' unjustified attachment denied her the opportunity to pay any fees with the attached funds.
We reject plaintiffs' claim that this issue is moot. Plaintiffs argue that because defendant reasserted the claims in a reconventional demand in her answer to plaintiffs' petition for recovery of attorney's fees, that she is now estopped from asserting it on a separate appeal. Defendant has perfected an appeal from the trial court's refusal to dissolve the writs of attachment and the temporary restraining order and also the issuance of injunctive relief. This is a separate case, and although the facts and claims may have been *652 brought up in a related action by no means forecloses defendant from pursuing her legal rights concerning this case.

ATTORNEY'S FEES
Plaintiffs and defendant entered into an employment contract for legal services on July 30, 1983. A contingency fee schedule was set forth in the contract. Plaintiffs then provided defendant with legal services related to a custody trial and financially-related domestic matters. No time records were kept by plaintiffs, and none were required by the contract. In December, 1983, however, defendant received an itemized bill which indicated that she owed $17,400.00: $10,000.00 for work done prior to October 19, 1983 and the remainder which was broken down according to time and expenses. Defendant had given plaintiffs a check for $10,000.00 and a balance of $7400.00 was due according to the bill. The check was returned to plaintiffs for insufficient funds. The following April 25, 1984, defendant entered into an addendum to the employment contract with plaintiffs. Defendant acknowledged in the document that plaintiffs had done $55,000.00 of work to that time, and from that date forward billing would be done on an hourly ($125.00/hour) basis. On September 24, 1984, defendant terminated her relationship with plaintiffs, and on October 3, 1984, plaintiffs filed suit on open account seeking fees of $82,000.00. A bill later sent to the plaintiff sought $88,980.88. Defendant contested the reasonableness and the accuracy of the amount sought. After a trial by jury, plaintiffs were awarded $108,000.00. Defendant contends that this amount is excessive.
Disciplinary Rule 2-106 of the Code of Ethics states that a lawyer shall not "enter into an agreement for, charge, or collect an illegal or clearly excessive fee" and that a fee is excessive when, after reviewing the facts, "a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee."
This court, like most of the expert witnesses that testified below, is not familiar with a contingency fee arrangement in a domestic case and would find such an arrangement questionable and clearly not in the best interest of the client and any children. The Code of Professional Responsibility in effect at the time the agreement was entered into clearly viewed such arrangements with disfavor. Model Code of Professional Responsibility E.C. 2-20 Rule 1.5(d)(1) of the new Model Rules of Professional Responsibility which became effective January 1, 1987 prohibits contingency fee agreements in domestic matters. Even assuming the propriety of such an agreement, the facts and circumstances surrounding the agreements in this case would justify our total disregard of them.
Because plaintiffs were working strictly on a contingency basis (and not keeping any time records), we are unable to understand how they were able to accurately state that they had provided defendant with legal services worth $55,000.00 from July 30, 1983 to April 25, 1984. The events on which the fees were contingent had not yet occurred. We are unimpressed with defendant's acknowledgement of the fees owed by her. This acknowledgement was not a knowing one. Defendant's only advisors and counsel in the matter were the attorneys to whom she was indebted. Especially in light of the significant amount of money involved, plaintiffs and defendant were clearly in positions of unequal bargaining power.
Once billing began, confusion still existed. Defendant was sent an itemized bill even before the addendum when she was allegedly still under contract to pay on a contingent fee basis. Even after itemization was supposed to have begun, it appears that records were neither accurate nor made contemporaneously (At trial plaintiff Bagert testified: "I'm not an hour man.... I hate keeping time records." (Tr. at 225). Many entries for time were reconstructions. Most of the witnesses at trial agreed that contemporaneous recording of time was the most efficient and accurate method.
The jury found that plaintiffs were entitled to recover fees from defendant, but *653 that the fees sought were not reasonable. The jury awarded plaintiffs $108,000.00. This award is based upon the expert testimony of Russ Herman. Herman, an attorney, testified as an expert in attorney's fees. He reviewed the work done by plaintiffs and evaluated the quantity and quality of the attorneys and their work product. From his testimony, it appears that his examination was thorough. He stated that attorney's fees of $108,000.00 would be reasonable in quantum meruit if the contractual agreements between plaintiffs and defendant were held to be invalid. Clearly, the jury found Herman's testimony persuasive. Although we cannot conclude that the jury was manifestly erroneous in finding that the agreements should not enforced, as we noted above, the agreements and billings were frought with inconsistencies and irregularities. Herman's testimony represented the only evidence as to a reasonable amount of fees to be awarded plaintiffs. This $108,000.00 would include expenses and costs as well as attorney's fees.
The general rule is that a plaintiff may not recover in quantum meruit when suit is brought on a contract. Josey v. Howard Lumber & Supply Co., 232 So.2d 119 (La.App. 2d Cir.1970). This is to avoid surprise to defendant. Terral v. Bearden, 338 So.2d 141 (La.App. 2d Cir. 1976). An award may be made in quantum meruit if the trial court finds that there was fair notice to defendant or there are exceptional circumstances. Id. Under the circumstances of this case, we cannot allow plaintiffs to recover in quantum meruit. Defendant was never aware nor should have been aware of such a possibility. Furthermore, to allow plaintiffs to recover $108,000.00 would be to give them a windfall of almost $20,000.00 earned simply by virtue of their own inconsistent record keeping and billing. The maximum that plaintiffs could recover under their contract is the amount of their $88,980.88 statement of hours and expenses. But that statement errs in a duplicate charge of $10,000.00, and (in addition to a charge for a 1.5-hour telephone conference with successor counsel we deem reasonable and one late charge for earlier research, review and discussions) it also includes unrecoverable charges after plaintiffs were discharged, totalling $7,666.00, as well as $733.95 unrecoverable photocopying charges. Henican, James & Cleveland v. Strate, 348 So.2d 689 (La.App. 4 Cir.1977), cert. denied 350 So.2d 1213. Deducting those items leaves $70,581.88 as the maximum plaintiffs can recover under their contract.
Plaintiffs have also appealed, alleging that the trial court should have awarded more for expert witness fees and attorney's fees pursuant to La.R.S. 9:2781.
The only evidence presented at trial as to the amount of expert fees was Herman's testimony that his fee was $1,000.00 for the court appearance and an hourly rate of $150.00. He testified that his total fee was $2950.00. Based on his testimony, we must conclude that the trial court erred in awarding $1,000.00 and raise the fee to $2950.00. We note that although Herman's testimony arguably supports recovery in quantum meruit, it nevertheless is relevant in proving the reasonableness of the fees sought pursuant to the contract. Model Code of Professional Responsibility DR 2-106(A), (B) (1979).
Plaintiffs also argue that they are entitled to attorney's fees because this is a suit on open account. La.R.S. 9:2781. Clearly, plaintiffs are not entitled to attorney's fees. There was no accurate accounting as required by statute, as evidenced by the jury's verdict. In such an instance attorney's fees are not available.
For the foregoing reasons, the decision of the trial court issuing writs of attachment and granting injunctive relief is reversed, and there is judgment for defendant against plaintiffs for legal interest on $84,000.00 from October 3, 1985 until this judgment becomes definitive, for attorney's fees of $5,000.00, and for all costs of these proceedings. The jury decision awarding plaintiffs their fees is affirmed, but amended to $70,581.88, to reflect the corrected amount of their itemized statement under the contract. The trial court's award of expert fees is amended to reflect an additional *654 $1,950.00 and its decision not to award attorney's fees to plaintiff is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AMENDED IN PART.
REDMANN, Chief Judge, concurring in part and dissenting in part.
I concur fully in the opinion in all respects except that I would further reduce the award to plaintiffs.
We should not enforce the April 1984 addendum's stipulation of then-earned fees of $55,000. Four months earlier, after trial of the custody issue, plaintiffs had billed defendant for only $17,400 (and even that included a $10,000 lump-sum charge not explained by the bill). There is no explanation for the increase to $55,000. Moreover, the contract provided
"Should the client wish to terminate the services of her attorneys ... $55,000 plus $125 for each hour ... shall be due and payable immediately. If ... the contingency fee [as calculated on any settlement by other counsel] exceeds the amount due under the ... addendum the difference shall be immediately due and payable to attorneys herein."
The purpose of the "addendum" was to escape the contingent-fee contract, yet this clause preserves it, giving the appearance of a threat by the attorneys to their client, to whom they gave nothing in exchange should she electas under the law she has the rightto terminate their representation of her. I would therefore reject that $55,000 stipulation as an unsupported charge for which the client got only an illusory escape from a contingent-fee contract which the escape itself attempted to preserve intact. The client had no cause, no consideration, in any case, because she always had the right to terminate, owing only the reasonable value of the services already rendered. Plaintiffs themselves fixed the maximum of that reasonable value by their statement for $17,400. Instead of that $55,000, we should find that plaintiffs established as due to them by defendant only the earlier billed $17,400 (of which the $10,000 lump sum should include payment for any services rendered between December 1983 and April 1984 not billed in the statement constructed after suit was filed in an effort to support the $82,000 demand). We should therefore further reduce plaintiffs' maximum contractual recovery by $37,600 (the difference between $55,000 and $17,400) to $32,981.88.