579 So.2d 1201 (1991)
Mary Maloney FRANZ
v.
Cheri K. CORMIER.
No. 91-CA-18.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1991.
DeMartini, LeBlanc, D'Aquila & Volk, A Professional Law Corp., John M. Garic, Kenner, for defendant-appellant.
Middleberg, Riddle & Gianna, Dominic J. Gianna, New Orleans, for plaintiff-appellee.
Before GAUDIN, GRISBAUM, Jr., and FINK, J. Pro Tem.
ELORA C. FINK, Judge Pro Tem.
The defendant appeals a preliminary injunction that prevents her withdrawal of a money market certificate in her name from a local bank. We uphold the injunction, for the following reasons.
Mary Franz sued Cheri Cormier to nullify donations of money to Cormier by Andrew Franz, the plaintiff's husband. The plaintiff alleged that the funds were property belonging to the Franzes' community of acquets and gains and that the donations were null under LSA-C.C. art. 2349, which provides:

*1202 "The donation of community property to a third person requires the concurrence of the spouses, but a spouse acting alone may make a usual or customary gift of a value commensurate with the economic position of the spouses at the time of the donation."
Mrs. Franz has instituted a separate suit for separation from her husband that is not before us.
Franz alleged Cormier had invested a portion of the funds with Metairie Bank & Trust Company in the form of a money market certificate in the amount of $80,000. Plaintiff sought an injunction to prevent defendant from withdrawing the certificate and/or reducing it to cash or other evidences of debt. The trial court issued a temporary restraining order and, after a hearing, granted the preliminary injunction.
On appeal, the defendant asserts the trial judge erred in granting the injunction and she seeks damages, including attorney fees, for the wrongful issuance of the temporary restraining order.
At the hearing the testimony of Mary Franz, her daughter Pat Franz, and Cheri Cormier established that the plaintiff's husband gave large sums of money to the defendant from 1985 to the present. Cormier admitted to receiving at least $60,000; Pat Franz testified her review of her father's financial records showed total donations of $126,856.59. Mary Franz had alleged in her petition that the amounts donated exceeded the value "commensurate with the economic position of Mary Franz and Andrew Franz at the time of the donations."
Cormier testified her income for those years, apart from the donations, was $12,800 in 1986, $14,000 in 1987, $15,719 in 1988 and $19,635 in 1989. She also received money from her mother to buy a car and move into an apartment and she inherited $19,000 from her father. She stated she had $20,000 in other certificates of deposit that she intended to use to start a business.
Pat Franz stated she traced $50,616.50 in deposits made directly from her father's checking account at the Bank of St. Charles into a French Market Homestead account in the name of Andrew Franz and Cheri Cormier; $32,798 in credit card bills and miscellaneous bills paid by her father on behalf of Cheri Cormier from his Bank of St. Charles checking account; $7,450 in checks from her father directly to Cheri Cormier from March 7, 1990 through March 30, 1990; $5,005 from a sale of stock by her father, which amount has "disappeared," according to Pat; and $30,987.09 in other checks.
Under LSA-C.C.P. art. 3601, an injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant; during the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both.
Injunction is a harsh, drastic and extraordinary remedy and should issue only if the mover is threatened with irreparable loss without adequate remedy at law. Tubular Threading, Inc. v. Scandaliato, 443 So.2d 712 (La.App. 5 Cir.1983). An injunction cannot be based on mere speculation. Id.
To obtain a preliminary injunction the moving party must show that the damage he will suffer may be irreparable if the injunction does not issue, that he is entitled to the relief sought, and must make a prima facie showing that he will prevail on the merits of the case. General Motors Acceptance Corp. v. Daniels, 377 So.2d 346 (La.1979). Because an applicant for a preliminary injunction need make only a prima facie showing, less proof is required than in an ordinary proceeding for a permanent injunction. Hailey v. Panno, 472 So.2d 97 (La.App. 5 Cir.1985).
A preliminary injunction is an interlocutory procedural device designed to preserve the existing status pending a trial of the issues on the merits of the case. (Emphasis added.) Federal Nat. Mortg. Ass'n v. O'Donnell, 446 So.2d 395 (La.App. 5 Cir.1984). The trial judge has great discretion to grant or deny the relief. Id.
*1203 Irreparable injury means the moving party cannot be adequately compensated in money damages for his injury or suffers injuries which cannot be measured by pecuniary standards. Bagert v. Goldsmith, 504 So.2d 648 (La.App. 4 Cir.1987); McSwain v. Bryant, 503 So.2d 605 (La. App. 4 Cir.1987); Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314 (La. 1981).
If a judgment would be valueless because of insolvency of the judgment debtor or other reasons, injunctive relief is proper. Ciambotti v. Decatur-St. Louis, Lupin, Properties Ventures, 533 So.2d 1352 (La.App. 3 Cir.1988). In that case the court enjoined a bank from honoring a letter of credit, although the injury was susceptible to compensation in money damages, because the insolvency of the potential creditor created a situation where the applicant for the injunction had no "adequate remedy at law."
In the case at bar, the plaintiff established a prima facie case that the money market certificate comprised monies that were donated from her marital community without her concurrence and that the defendant was aware of the situation. She also established a prima facie case that the defendant has insufficient funds, apart from the certificate of deposit at issue, to respond to a judgment of money damages. Further, the injunction maintains the status quo, prohibiting alienation of a community asset. Accordingly, we conclude the trial court properly granted the preliminary injunction.
For the foregoing reasons, the judgment of the trial court is affirmed and the matter is remanded for further proceedings in due course. Costs of the appeal are assessed against the appellant.
AFFIRMED.