660 So.2d 29 (1995)
David W. OESTREICHER, II
v.
Robert L. HACKETT.
No. 94-CA-2573.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1995.
Rehearing Denied September 26, 1995.
Writ Denied December 8, 1995.
*30 David W. Oestreicher, II, New Orleans, in pro. per.
C. Ellis Henican, Jr., Henican & Brown, New Orleans, for plaintiff-appellee David W. Oestreicher, II.
James E. Uschold, Hackett & Associates, New Orleans, for defendant-appellant Robert L. Hackett.
Before KLEES, ARMSTRONG and JONES, JJ.
KLEES, Judge.
This dispute arises out of the dissolution of a law firm. David Oestreicher (appellee) and Robert Hackett (appellant) had a working arrangement which they attempted to end in November of 1993. A letter dated November 15, 1993 was drafted by Hackett setting out the terms under which the practice would be terminated.
Various problems arose during the next few months resulting in Oestreicher filing a Petition for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction. The main issue concerned a fee received in connection with a lawsuit on which both attorneys had worked.[1] Oestreicher claims that Hackett settled the lawsuit without his knowledge, and then deposited the fee into one or more of Hackett's bank accounts. Oestreicher maintains that in accordance with the November 15, 1993 letter, he is entitled to fifty percent of the fee. Oestreicher further claims that Hackett is insolvent, and therefore the monies must be protected until the issues can be litigated.
The trial court issued a temporary restraining order enjoining Hackett from disposing of the funds received from the lawsuit, and further enjoined him from using any funds in the several accounts he maintains at the Whitney National Bank.
On June 28, 1994, the trial court ordered that a preliminary injunction issue with the same effect as the temporary restraining order. The preliminary injunction further ordered Hackett to deposit the entire sum received from the lawsuit into the registry of the court, and authorized the Whitney to release those funds. The injunction also provided that if Hackett deposited the $302,281.08 into the court's registry, Hackett's Whitney accounts would be released. Hackett did deposit $195,938.85 into the court's registry, claiming that to be the correct amount in dispute.
Hackett applied for a writ to this court. We ordered a stay pending receipt of reasons for judgment from the trial court. In its reasons, the trial court stated it found Oestreicher had established a prima facie case that he was entitled to fifty percent of the disputed fee, and that Hackett had insufficient funds to respond to any possible money judgment. Because the trial court believed Oestreicher had and would continue to suffer irreparable injury, loss and damage if the funds were not protected, the preliminary injunction issued. Based on those reasons for judgment and finding no abuse of the trial court's discretion, this court recalled the stay order and denied Hackett's writ application.
Hackett then filed a Motion for Appeal, but subsequently moved to dismiss the appeal. He then filed a motion in the trial *31 court to dissolve the preliminary injunction. The trial court denied his motion. Hackett again filed a writ application with this court. We denied the application stating that Hackett's remedy was by appeal.
On appeal, Hackett makes five assignments of error. First, he claims that the trial court erred in entering a preliminary injunction because Oestreicher failed to demonstrate that he would suffer irreparable harm and had an adequate remedy at law. Second, the trial court erred in finding that Oestreicher had made a prima facie showing that he would likely prevail on the merits. Third, the trial court erred in finding that Rule of Professional Conduct 1.15(C) created a property interest. Fourth, the preliminary injunction was impermissibly overbroad and void for lack of specificity. Fifth, the trial court erred in alternatively ruling that the fee in question should be sequestered. We need only address assignments of error one, two and four.
Louisiana Code of Civil Procedure article 3601 provides, in pertinent part, that an injunction shall issue in cases where irreparable injury, loss, or damage may occur to the applicant. During the pendency of an action for injunction, the court may issue a temporary restraining order, preliminary injunction, or both.
Injunction is a harsh, drastic and extraordinary remedy and should issue only if the mover is threatened with irreparable loss without adequate remedy at law. Franz v. Cormier, 579 So.2d 1201, 1202 (La.App. 5th Cir.1991). A moving party must make a prima facie showing that he will prevail on the merits of the case, that he will suffer irreparable damage if the injunction does not issue, and that he is entitled to the relief sought. General Motors Acceptance Corp. v. Daniels, 377 So.2d 346, 348 (La.1979).
The trial court has great discretion to determine whether a preliminary injunction should be granted. Absent a clear abuse of discretion, the denial of a preliminary injunction will not be overturned on appeal. Whitney Nat'l Bank v. Blueridge, Inc., 606 So.2d 902, 904 (La.App. 4th Cir.1992). That same standard of review applies to a Motion to Dissolve a Preliminary Injunction.
We first address assignments of error one and two, namely that Oestreicher failed to demonstrate that he would suffer irreparable harm, or that Oestreicher failed to establish a prima facie case that he would prevail on the merits.
Irreparable injury means the moving party cannot be adequately compensated in money damages for his injury or suffers injuries which cannot be measured by pecuniary standards. See Bagert v. Goldsmith, 504 So.2d 648, 651 (La.App. 4th Cir.1987), writ denied, 508 So.2d 74 (La.1987). However, if a judgment would be valueless because of insolvency of the judgment debtor or other reasons, injunctive relief is proper. Ciambotti v. Decatur-St. Louis, Lupin, Properties Ventures, 533 So.2d 1352, 1359 (La.App. 3d Cir.1988) (emphasis added).
In the instant case we find injunctive relief is proper. First we find that Oestreicher has established a prima facie case that he is entitled to fifty percent of the attorney fee in question, and that his portion of the fee was deposited into a bank account at the Whitney National Bank bearing Hackett's name.
The issue of whether Oestreicher has established a prima facie case that Hackett is insolvent is not as clear. Oestreicher claims in an affidavit that Hackett is insolvent and not credit worthy. Hackett maintains in an affidavit that he has sufficient funds to satisfy any possible money judgment. Thus, the only evidence in the record pertaining to this issue is dueling affidavits; neither party has offered any other documentary evidence to support their positions.
However, as stated in the Ciambotti case cited above, insolvency of the judgment debtor is only one reason why injunctive relief may be proper. In this case, we believe it is proper because Hackett has been less than candid during the pendency of this case. For example, according to an affidavit filed by defense counsel in the Cormier case, Hackett assured him that he had full authority to settle the case without Oestreicher, and despite the fact that Oestreicher had filed an *32 intervention in the case. Hackett also made misrepresentations to the trial court concerning whether or not Oestreicher had posted bond in connection with the preliminary injunction. Also, in his own Affidavit in Opposition to Application for Preliminary Injunction, he stated, "[b]ecause of Mr. Oestreicher's repeated breaches of other essential terms of the dissolution agreement ..., I informed Mr. Oestreicher that I considered myself no longer bound by the Cormier fifty percent fee split."
A preliminary injunction is an interlocutory device designed to preserve the existing status pending a trial of the issues on the merits of the case. Franz v. Cormier, 579 So.2d at 1202. Because of Hackett's actions surrounding this case, we cannot be assured that the status quo will be maintained until a trial on the merits is had. Accordingly, we order Hackett to deposit the additional funds necessary to comply completely with Judge Johnson's order contained in the preliminary injunction dated June 28, 1994.
In his fourth assignment of error, Hackett alleges that the preliminary injunction is overbroad. We agree, but for different reasons. Hackett takes issue with the trial court's order that he place $302,381.08 in the court's registry because he believes that amount exceeds the amount in dispute. According to the record, Oestreicher and Hackett agreed to a fifty/fifty split of the Cormier fee. Hackett is in possession of the entire fee. It is for this reason that we order Hackett to deposit the remaining funds into the court's registry. The merits of the case will reveal what set-offs, if any, either side is entitled to claim.
However, we find the preliminary injunction to be overbroad in that it freezes all of Hackett's accounts. Accordingly, we authorize the Whitney National Bank to release sufficient funds to Hackett to allow him to deposit a total of $302,381.08 into the trial court's registry. Hackett is ordered to ascertain the exact dollar amount, and the Whitney National Bank shall issue a check in that amount made payable to the Clerk of Court for the Civil District Court for the Parish of Orleans. We further authorize the Whitney National Bank to release all other funds in all currently enjoined accounts upon Hackett presenting proof of deposit with the Clerk of Court.
Hackett has also filed for the first time in this court, an Exception of Nonjoinder of an Indispensable Party. The record is insufficient for us to render a decision on this Exception, and therefore we will not consider it.
Thus for the reasons stated above, we amend the judgment to allow Hackett to deposit the funds necessary to comply with the previous orders of the trial court, and to authorize the Whitney National Bank to release Hackett's accounts once proof of compliance is made. In all other respects, the judgment is affirmed.
NOTES
[1] Cormier v. City of Lake Charles, 14th Judicial District Court for the Parish of Calcasieu, No. 89-3825.